FILED

FEB 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLANCA ESTELA CARREON-BORJAS,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 12-70446<br><br>Agency No. A089-813-781<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Blanca Estela Carreon-Borjas, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen removal proceedings based on ineffective assistance of counsel. Our

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Carreon-Borjas' motion to reopen alleging ineffective assistance by the attorney who represented her before the agency, where she failed to comply with the threshold requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance was not "plain on the face of the administrative record." *See Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000). Although Carreon-Borjas stated for the first time in her affidavit attached to the motion to reopen that she initially entered the United States in 1997, there is no evidence in the record that she informed her former counsel of that fact and she previously testified before the immigration judge that she initially entered in 1999.

The BIA also did not abuse its discretion in denying the motion to reopen alleging ineffective assistance by appellate counsel, where Carreon-Borjas' failed to establish prejudice from counsel's actions. *See Mohammed*, 400 F.3d at 793-94 (a petitioner must establish prejudice to prevail on an ineffective assistance claim).

12-70446

We lack jurisdiction over Carreon-Borjas' contention that the BIA should have exercised its authority to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

We lack authority to reinstate voluntary departure. *See* 8 C.F.R. § 1240.26(f).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**